**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| FREDDIE V. SALMO, <br><br> Plaintiff, <br><br> v. <br><br> PHH MORTGAGE CORPORATION, *et al.* <br><br> Defendants. | CASE NO. CV 11-1582 ODW (PJWx) <br><br> ORDER **GRANTING** DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(c) [19] [Filed 04/14/11] |

## I. INTRODUCTION

Pending before the Court is Defendants PHH Mortgage Corporation ("PHH"); U.S. Bancorp D/B/A U.S. Bank, National Association, as trustee for J.P Morgan Alternative Loan Trust 2006-A6 ("U.S. Bank"); and NDEx West, L.L.C.'s ("NDEx") (collectively, "Defendants")[1] Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c), or alternatively, for Summary Judgment pursuant to Federal Rule of Civil Procedure 56. (Dkt. No. 19.) Plaintiff Freddie Salmo ("Plaintiff") filed an Opposition on May 5, 2011, to which Defendants filed a Reply on June 20, 2011. (Dkt.

---

[1] Mortgage Electronic Registration Systems, Inc. has not joined the instant Motion, and currently, default by the Clerk has been entered against it. (Dkt. No. 35.)

1

Nos. 22, 33.) Having considered the papers filed in support of and in opposition to the instant Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15. For the following reasons, Defendants' Motion for Judgment on the Pleadings is **GRANTED.**

## II. FACTUAL BACKGROUND[2]

This case arises out of a mortgage loan in the amount of $500,000 obtained by Plaintiff and secured by Plaintiff's property located at 6499 Broken Star Court, Rancho Cucamonga, CA 91701 (the "Subject Property"). (Compl. ¶ 55, Exh. D.) In connection with the loan, Plaintiff executed a Note ("Note") and Deed of Trust ("DOT"), which named Plaintiff as the borrower, PHH as the lender and beneficiary, and First American Title ("First") as the trustee.[3] (*Id.*) After Plaintiff defaulted and was served with a Notice of Default ("NOD"), the Originating Defendants executed a series of transfers and substitutions, whereby their interests in the Subject Property were assigned to various other entities. (Compl. ¶ 59; RJN, Exh. 3.)

Plaintiff asserts that, in conjunction with these transfers and substitutions, Defendants violated several federal and state laws. Consequently, on February 23, 2011, Plaintiff filed a Complaint, in which he brings six claims against Defendants and contends that the Court has federal question jurisdiction over his case pursuant to 28 U.S.C. §1331. (Dkt. No.1). Plaintiff's assertion of jurisdiction is based solely on his TILA claim against U.S. Bank in its capacity as a trustee. (Compl. ¶¶ 211-25.) Consequently, for purposes of the instant Motion, the Court recounts only the facts relevant to the substitutions of trustee. As the original trustee, First transferred its interest to NDEx, as evidenced by the August 4, 2010 NOD. (Compl. ¶¶ 55, 59-61; RJN, Exh. 3.) Thereafter, on September 2, 2010, U.S. Bank was named as the trustee in the

---

[2] To the extent the Court relies on any documents not attached directly to Plaintiff's Complaint, those documents are mentioned in the Complaint and are thereby incorporated by reference. Furthermore, "[a] trial court may presume that public records are authentic and trustworthy," *Gilbrook v. City of Westminster*, 177 F.3d 839, 858 (9th Cir.1999), and, thus, fall within the purview of Federal Rule of Evidence 201. *See Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001) (citing *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986)).

[3] The Court refers to PHH and First collectively as the "Originating Defendants."

Assignment of the Deed of Trust ("ADOT"). (Compl.¶ 63; RJN, Exh. 4.) Finally, the September 17, 2010 Substitution of Trustee ("SOT") once again named NDEx as the trustee. (Compl. ¶ 62; RJN, Exh. 5.) Against this backdrop, the Court analyzes the merits of Defendants' Motion.

### III. LEGAL STANDARD

A motion for judgment on the pleadings is "functionally identical" to a motion to dismiss for failure to state a claim under Federal Rules of Civil Procedure 12(b)(6); the only major difference is that a Rule 12(c) motion is properly brought "after the pleadings are closed and within such time as not to delay the trial." Fed. R. Civ .P. 12(c); *Mag Instrument, Inc. v. JS Prods., Inc.*, 595 F. Supp. 2d 1102, 1106-07 (C.D. Cal. 2008) (quoting *Dworkin v. Hustler Magazine, Inc.,* 867 F.2d 1188, 1192 (9th Cir. 1989)).

If the aforementioned criteria is met, "[j]udgment on the pleadings . . . is proper only when there is no unresolved issue of fact, and no question remains that the moving party is entitled to a judgment as a matter of law." *Butler v. Resurgence Fin., L.L.C.*, 521 F. Supp. 2d 1093, 1095 (C.D. Cal. 2007) (quoting *Torbet v. United Airlines, Inc.*, 298 F.3d 1087, 1089 (9th Cir.2002)). Therefore, for a court to grant a Rule 12(c) motion, "[i]t must appear beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Butler*, 298 F.3d at 1089 (quoting *Sun Sav. & Loan Ass'n v. Dierdorff*, 825 F.2d 187, 191 (9th Cir.1987)). If the court does grant the motion, the court, in its discretion, may grant the non-moving party leave to amend or enter a final judgment. *See Lonberg v. City of Riverside*, 300 F. Supp. 2d 942, 945 (C.D. Cal. 2004) ("[A]lthough Rule 12(c) does not mention leave to amend, courts have discretion both to grant a Rule 12(c) motion with leave to amend and to simply grant dismissal of the action instead of entry of judgment.") (citations omitted).

### IV. DISCUSSION

Before addressing Plaintiff's state claims, the Court begins its analysis with Plaintiff's federal claim. As a matter of course, the Court starts at this junction to determine if Plaintiff has correctly alleged federal question jurisdiction in his Complaint.

### A. PLAINTIFF'S SOLE FEDERAL CLAIM UNDER TILA

U.S. Bank is the only defendant against whom Plaintiff brings a claim for violating 15 U.S.C. § 1641(g). For Plaintiff to successfully allege a § 1641(g) claim, he must prove that U.S. Bank did not strictly comply with the statute, which provides:

> [N]ot later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, *the creditor* that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer, including, (A) the identity, address, telephone number of the *new creditor*; (B) the date of transfer; (C) how to reach an agent or party having authority to act on behalf of the *new creditor*; (D) the location of the place where transfer of ownership of the debt is recorded; and (E) any other relevant information regarding the *new creditor*.

(emphasis added). The Truth In Lending Act ("TILA") defines a creditor as a person who both (1) regularly extends consumer credit, and (2) is the person to whom the debt arising from the transaction is initially payable. 15 U.S.C. § 1602(f); *Boles v. Mescorp, Inc.*, No. 08-1989, 2009 WL 734133, at *3 (C.D. Cal. Mar. 18, 2009). Courts in the Ninth Circuit have uniformly found that a trustee is not a creditor as defined by TILA. *See e.g., Hargis v. Washington Mut. Bank*, No. 10-02341, 2011 WL 724390, at *2 (N.D. Cal. Feb. 22, 2011); *Guerrero v. Citi Residential Lending, Inc.*, No. 08-1878, 2009 WL 926973, at *4 (E.D. Cal. Apr. 3, 2009); *Brooks v. Cmty. Lending., Inc.*, No. 07-4501, 2010 WL 2680265, at *10 (N.D. Cal. July 6, 2010).

Here, Plaintiff alleges that U.S. Bank did not send Plaintiff written notice of the August 19, 2010 DOT assignment within thirty days. (Compl. ¶¶ 62, 218-23 ; RJN, Exh. 4). In its capacity as trustee, however, U.S. Bank is not a creditor within the context of TILA. Specifically, U.S. Bank is "not the person to whom the debt arising from the transaction is initially payable." 15 U.S.C. § 1602(f). As such, U.S. Bank has no statutory duty to provide notice to Plaintiff under § 1641(g). Consequently, because Plaintiff fails to state a TILA claim against U.S. Bank, Defendant's Motion for Judgment on the Pleadings is **GRANTED** as to this claim.

### B. PLAINTIFF'S REMAINING STATE CLAIMS

In addition to his federal claim, Plaintiff has alleged various state law claims. Plaintiff contends that the Court has supplemental jurisdiction over these claims based

upon federal question jurisdiction. Because the Court dismissed Plaintiff's sole federal claim under TILA, however, the Court currently lacks federal question jurisdiction. Until such time as Plaintiff can establish a federal claim, the Court declines to exercise supplemental jurisdiction over the remaining state law claims pursuant to 28 U.S.C. § 1367(c)(3). *See Lemperle v. Wash. Mut. Bank*, No. 10-1550, 2010 WL 3958729, at *5 (S.D. Cal. Oct. 7, 2010) (citing *Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001)); *San Pedro Hotel Co. v. City of L.A.*, 159 F.3d 470, 478 (9th Cir. 1998)). Consequently, the Court will not, at this time, engage in a detailed analysis of Plaintiff's state law claims.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion for Judgment on the Pleadings is **GRANTED**. Plaintiff shall have twenty-one (21) days from the date of this Order to amend his Complaint, provided that he can, in good faith, allege a claim supporting federal jurisdiction. If Plaintiff fails to do so, this case will be dismissed.

**IT IS SO ORDERED.**

July 11, 2011

_____

HON. OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE