1
2
3
4
5
6
7

**O**

8
9
10
11

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

12
13
14
15
16
17
18

| | |
|---|---|
| FREDDIE V. SALMO,<br><br>            Plaintiff,<br><br>v.<br><br>PHH MORTGAGE CORPORATION,<br>*et al.*<br><br>            Defendants. | CASE NO. CV 11-1582-ODW (PJWx)<br><br>ORDER **GRANTING** in part AND<br>**DENYING** in part DEFENDANTS'<br>MOTION FOR JUDGMENT ON<br>THE PLEADINGS PURSUANT TO<br>FED. R. CIV. P. 12(c) [52] [Filed<br>09/02/11] |

19

## I.   INTRODUCTION

20      Pending before the Court is Defendants PHH Mortgage Corporation ("PHH"); U.S.

21  Bancorp D/B/A U.S. Bank, National Association, as trustee for J.P Morgan Alternative

22  Loan Trust 2006-A6 ("U.S. Bank"); Mortgage Electronic Registration Systems, Inc.

23  ("MERS"),[1] and NDeX West, L.L.C.'s ("NDeX") (collectively, "Defendants") Motion for

24  Judgment on the Pleadings as to Plaintiff Eddie Salvo's ("Plaintiff") First Amended

25  Complaint pursuant to Federal Rule of Civil Procedure 12(c), or alternatively, for

26  Summary Judgment pursuant to Federal Rule of Civil Procedure 56.  (Dkt. No. 52.)

27  _____

28      [1] While Defendants' Motion does not specifically identify MERS as a moving Defendant, the
Court notes that all Defendants to this action share the same counsel.  Accordingly, the Court assumes
that Defendants' failure to identify MERS was the result of an unintentional oversight.

Plaintiff filed an Opposition on September 12, 2011 (Dkt. No. 54), to which Defendants filed a Reply on September 19, 2011.  (Dkt. No. 55.)  Having considered the papers filed in support of and in opposition to the instant Motion, the Court deems the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; L.R. 7-15.  For the following reasons, Defendants' Motion for Judgment on the Pleadings is **GRANTED** in part and **DENIED** in part.

## II.   FACTUAL BACKGROUND[2]

This case arises out of a mortgage loan in the amount of $500,000 obtained by Plaintiff on September 8, 2006, and secured by Plaintiff's property located at 6499 Broken Star Court, Rancho Cucamonga, California 91701 ("Subject Property").  (FAC ¶¶ 4, 21.) In connection with the loan, Plaintiff executed a promissory note ("Note") and Deed of Trust ("DOT"), which named Plaintiff as the borrower, PHH as the lender and beneficiary of the DOT, and First American Title as trustee of the DOT.  (FAC ¶ 21; Defendants' Request for Judicial Notice ("RJN"), Exh. 1.)  On October 30, 2006, PHH executed an Assignment of Deed of Trust naming MERS as the DOT's beneficiary.  (Defendants' RJN, Exh. 2.)

As of August 2, 2010, Plaintiff was in default in the amount of $10,956.64. (Defendants' RJN, Exh. 3.)  As a result of Plaintiff's default, a Notice of Default and Election to Sell Under Deed of Trust was recorded with the San Bernardino County Recorder's Office.  (Defendants' RJN, Exh. 3.)

On August 19, 2010, Marc. J Hingle, as Vice President of MERS, executed a second Assignment of Deed of Trust ("ADOT") naming U.S. Bank as the beneficiary of the DOT.

---

[2]  To the extent the Court relies on any documents not attached directly to Plaintiff's First Amended Complaint, those documents are referenced in the First Amended Complaint and are thereby incorporated by reference.  Furthermore, "[a] trial court may presume that public records are authentic and trustworthy," *Gilbrook v. City of Westminster*, 177 F.3d 839, 858 (9th Cir.1999), and, thus, fall within the purview of Federal Rule of Evidence 201.  *See Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001).  Rule 201 states that "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).  Accordingly, the Court takes judicial notice of the filing dates for the documents to which it cites but does not take judicial notice of the facts contained therein.

(FAC ¶ 22; Defendants' RJN, Exh. 4.)  On September 2, 2010, the ADOT was recorded with the  San Bernardino County Recorder's Office.  (FAC ¶ 44; Defendants' RJN, Exh. 4.)    Plaintiff contends that U.S. Bank has "no beneficial interest in Plaintiff's loan" because it failed "to properly document, endorse, and transfer Plaintiff's Note and Mortgage to" U.S. Bank.  (FAC ¶¶ 24–25.)  As a result, "Plaintiff disputes the alleged debt and alleges that [he is] not required to pay [either] U.S. Bank or PHH Mortgage since neither Defendant has legal or equitable rights to enforce the purported debt obligation."  (FAC ¶ 54.)

Also on September 2, 2010, U.S. Bank executed a Substitution of Trustee substituting NDeX for First American Title as trustee under the DOT; this Substitution of Trustee was recorded on September 12, 2010.  (FAC ¶ 111(c); Defendants' RJN, Exh. 5.)  On November 5, 2010, a Notice of Trustee's Sale was recorded with the San Bernardino County Recorder's Office.  (Defendants' RJN, Exh. 6.)  On November 29, 2010, Plaintiff filed a Chapter 13 bankruptcy petition in the Central District of California, Riverside Division.  (FAC ¶ 111(d).)

Plaintiff asserts that Defendants violated several federal and state laws in conjunction with the aforementioned transfers and substitutions.  Consequently, on February 28, 2011, Plaintiff filed a federal Complaint.  (Dkt. No. 1.)  On April 14, 2011, Defendants filed a Motion for Judgment on the Pleadings (Dkt. No. 19), which this Court granted with leave to amend.  (Dkt. No. 37.)  Plaintiff subsequently filed a First Amended Complaint ("FAC") on August 2, 2011, alleging six claims against Defendants: (1) declaratory relief; (2) common law fraud; (3) negligence; (4) violation of 15 U.S.C. § 1641(g); (5) violation of California Business and Professions Code section 17200; and (6) quiet title.  (Dkt. No. 46.)  Defendants now move for judgment on the pleadings as to Plaintiff's entire FAC.  (Dkt. No. 52.)  The Court addresses Defendants' arguments and the sufficiency of Plaintiff's claims below.

### III.   LEGAL STANDARD

A motion for judgment on the pleadings is "functionally identical" to a motion to

1  dismiss for failure to state a claim under Federal Rules of Civil Procedure 12(b)(6); the
2  only major difference is that a Rule 12(c) motion is properly brought "after the pleadings
3  are closed and within such time as not to delay the trial." *Mag Instrument, Inc. v. JS*
4  *Prods., Inc.*, 595 F. Supp. 2d 1102, 1106–07 (C.D. Cal. 2008) (quoting Fed. R. Civ .P.
5  12(c); *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989)).

6       If the aforementioned criteria is met, "[j]udgment on the pleadings is properly
7  granted when there is no issue of material fact in dispute, and the moving party is entitled
8  to judgment as a matter of law." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).
9  Therefore, for a court to grant a Rule 12(c) motion, "[i]t must appear beyond doubt that
10 the plaintiff can prove no set of facts in support of his claim which would entitle him to
11 relief." *Butler*, 521 F. Supp. 2d 1093, 1095 (C.D. Cal. 2007) (quoting *Sun Sav. & Loan*
12 *Ass'n v. Dierdorff*, 825 F.2d 187, 191 (9th Cir.1987)).  If the court does grant the motion,
13 the court, in its discretion, may grant the non-moving party leave to amend or enter a final
14 judgment.  *See Lonberg v. City of Riverside*, 300 F. Supp. 2d 942, 945 (C.D. Cal. 2004)
15 ("[A]lthough Rule 12(c) does not mention leave to amend, courts have discretion both to
16 grant a Rule 12(c) motion with leave to amend and to simply grant dismissal of the action
17 instead of entry of judgment.") (citations omitted).

18      **IV.    DISCUSSION**

19      Defendants bring the instant Motion seeking dismissal of Plaintiff's claims for
20 declaratory relief, common law fraud, negligence, violation of the Truth in Lending Act
21 ("TILA"), violation of California's Unfair Competition Law ("UCL"), and quiet title.
22 Because Plaintiff's claims for violation of the UCL and declaratory relief depend in part
23 on the viability of Plaintiff's remaining causes of action, the Court will address these
24 claims last; otherwise, the Court considers each of Plaintiff's claims in turn.

25      **A.    PLAINTIFF'S SECOND CLAIM FOR COMMON LAW FRAUD**

26      Plaintiff alleges a claim against PHH, U.S. Bank, and NDeX for common law fraud.
27 A complaint alleging fraud must meet the heightened pleading standard under Federal
28 Rule of Civil Procedure 9(b), which requires Plaintiff to "state with particularity the

circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).  "The complaint must specify such facts as the times, dates, places, and benefits received, and other details of the alleged fraudulent activity."  *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993). Plaintiff's allegations cannot "merely lump multiple defendants together but require[s] plaintiffs to differentiate their allegations when suing more than one defendant . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (internal quotation marks omitted).  Moreover, a fraud claim involving a corporate defendant "must identify the 'names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written.'"  *Saldate v. Wilshire Credit Corp.*, 686 F. Supp. 2d 1051, 1065 (E.D. Cal. 2010) (quoting *Tarmann v. State Farm Mut. Auto Ins. Co.*, 2 Cal. App. 4th 153, 157 (1991)).

Additionally, while the Rule 9(b) requirement is a federally imposed rule, "a federal court will examine state law to determine whether the elements of fraud have been pled sufficiently to state a cause of action."  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003).  "In California, the elements for a claim of fraud are: (1) misrepresentation; (2) knowledge of falsity; (3) intent to defraud, *i.e.*, to induce reliance; (4) justifiable reliance; and (5) resulting damage." *Clark v. Countrywide Home Loans, Inc.*, 732 F. Supp. 2d 1038, 1044 (E.D. Cal. 2010) (citing *Small v. Fritz Cos.*, 30 Cal. 4th 167, 173 (2003))

Plaintiff's contentions with respect to NDeX revolve around certain representations made by Aaron W. Brown, who is not a party to this action.  While Plaintiff initially avers that Mr. Brown was "an agent of NDEX, who was acting on behalf of Defendant PHH Mortgage and/or U.S. Bank" (FAC ¶ 110), Plaintiff immediately proceeds to allege that Mr. Brown was "an agent and/or representative of NDEX and/or PHH Mortgage" and that "NDEX and/or PHH Mortgage directed" him to make certain false representations to Plaintiff.  (FAC ¶ 111.)  In the course of two paragraphs, Plaintiff thus contends that Mr. Brown was an agent of NDeX, PHH, U.S. Bank, or any combination thereof, and that

1    either NDeX or PHH, or both, directed him to make false representations to Plaintiff.
2    These allegations fail to specify with particularity from which entity Mr. Brown derived
3    his authority to speak, thereby falling short of Rule 9(b)'s pleading requirements for a
4    fraud claim involving a corporate defendant.

5        Plaintiff's allegations with respect to PHH and U.S. Bank hinge upon certain
6    representations made by Marc J. Hingle, who likewise is not a party to this action.
7    Plaintiff contends that "[o]n September 17, 2010, Marc J. Hingle . . . as purported 'Vice
8    President' of U.S. BANK by PHH Mortgage, negligently and/or falsely represented to
9    Plaintiff in writing that NDEX was 'substituted ' into the Deed of Trust as the trustee";
10   that "Marc Hingle, MERS, NDEX, and/or PHH Mortgage knew such a representation was
11   false and made . . . with the intent of inducing Plaintiff's reliance"; and that "Plaintiff did
12   in fact reasonably rely on the false statements to his detriment," thereby causing him
13   damages.   (FAC ¶ 111(c).)   In merely alleging that Mr. Hingle made certain
14   representations "as purported 'Vice President' of U.S. BANK *by* PHH Mortgage" (*id.*
15   (emphasis added)), Plaintiff fails to specifically plead whether Mr. Hingle derived his
16   authority to speak from U.S. Bank or PHH, or both.  As a result of this ambiguity, Plaintiff
17   fails to adequately put Defendants U.S. Bank and PHH on notice whether Plaintiff intends
18   to impute Mr. Hingle's statements to U.S. Bank, PHH, or both.

19       Plaintiff also contends that "on January 13, 2011, PHH and U.S. Bank, through their
20   attorney, Darlene C. Vigil, . . . filed a Proof of Claim with the U.S. Bankruptcy Court"
21   containing false representations designed to induce Plaintiff to act to his detriment.  (FAC
22   ¶ 112.)  Plaintiff alleges that he "reasonably relied" on this representation to his detriment
23   "by sending a cashier's check to PHH Mortgage in the amount of his purported Deed of
24   Trust Payment."  (*Id.*)  This contention amounts to little more than a mere recitation of the
25   "justifiable reliance" and "resulting damages" elements of a fraud claim and fails to meet
26   Rule 9(b)'s heightened pleading standards.   Specifically, Plaintiff fails to plead any
27   specific facts regarding when this payment was made, the amount paid, or whether the
28   payment was credited towards his "Deed of Trust payment."  Moreover, Plaintiff in no

way explains how his reliance was reasonable under the circumstances, especially in light of Plaintiff's allegations that he "filed a [C]hapter 13 bankruptcy to stop all collections activities against him and his Property." (FAC ¶ 111(d).)

In addition to the above, Plaintiff has failed to adequately "differentiate [his] allegations" and "did not inform each defendant separately of the allegations surrounding its alleged participation in the fraud." *Swartz*, 476 F.3d at 764. While Plaintiff does specifically list defendants by name, Plaintiff frequently strings Defendants' names together with "and/or" (*see* FAC ¶¶ 110–12), thereby rendering ambiguous to which Defendant Plaintiff actually intends to refer. This falls short of Rule 9(b)'s heightened pleading standard and thus Plaintiff has procedurally failed to allege a claim for fraud against all Defendants. Accordingly, Plaintiff's second claim for common law fraud fails to state a claim against Defendants PHH, U.S. Bank, or NDeX. Therefore, Defendants' Motion for Judgment on the Pleadings as to this claim is **GRANTED** with leave to amend.

## B.   PLAINTIFF'S THIRD CLAIM FOR NEGLIGENCE

Plaintiff alleges a claim for negligence against PHH and U.S. Bank. "In order to establish a claim for negligence, a plaintiff must establish four required elements: (1) duty, (2) breach, (3) causation, and (4) damages." *Ileto v. Glock Inc.*, 349 F.3d 1191, 1203 (9th Cir.2003). Defendants move to dismiss Plaintiff's third claim for negligence on the ground that Defendants U.S. Bank and PHH did not owe Plaintiff a duty of care. "The existence of a legal duty to use reasonable care in a particular factual situation is a question of law for the court to decide." *Castaneda v. Saxon Mortg. Servs., Inc.*, 687 F. Supp. 2d 1191, 1198 (E.D. Cal. 2009) (quoting *Vasquez v. Residential Invs., Inc.*, 118 Cal. App. 4th 269, 278 (2004)). Absent special circumstances, a home-mortgage loan is an arm's-length transaction from which no duties arise outside of those set forth in the loan agreement. *Castaneda*, 687 F. Supp. 2d at 1198. Barring an assumption of duty or a special relationship, "a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *Vann v. Aurora Loan Servs. LLC*, No.

10–CV–04736–LHK, 2011 WL 2181861, at *4 (N.D. Cal., June 3, 2011) (quoting *Nymark v. Heart Fed. Sav. & Loan Ass'n*, 231 Cal. App. 3d 1089, 1096 (1991)). "Courts have held that this rule is applicable to loan servicers as well." *Id.*; *see Castaneda*, 687 F. Supp. 2d at 1198.

Here, Plaintiff fails to cite any authority for the proposition that PHH or U.S. Bank owed him a duty in their roles as "creditor and servicer." (Opp'n at 18.)  Additionally, Plaintiff has not alleged that PHH or U.S. Bank assumed any duty or entered into a special relationship with him besides what one would expect from an arm's-length mortgage loan transaction.  Plaintiff has thus failed to establish that either PHH or U.S. Bank owed him a duty of care, thereby falling short of the requisite pleading requirements for a negligence claim.  Accordingly, the Court **GRANTS** Defendants' Motion as to Plaintiff's third claim for negligence with leave to amend.

### C. PLAINTIFF'S FOURTH CLAIM FOR VIOLATION OF 15 U.S.C. § 1641(g)

Plaintiff alleges that Defendant U.S. Bank violated TILA, 15 U.S.C. § 1641(g), by failing to provide to him a written Notice of New Creditor within thirty days of the execution of the August 19, 2010, ADOT assigning all beneficial interest in Plaintiff's DOT to U.S. Bank.  (FAC ¶ 138.)  Section 1641(g)(1) provides that a creditor who purchases or is assigned a mortgage loan must notify the borrower in writing within thirty days of such purchase or assignment.  Defendant U.S. Bank does not contest that it is subject to § 1641(g); rather, U.S. Bank contends that Plaintiff's TILA claim is insufficient because Plaintiff fails to allege how U.S. Bank's violation caused Plaintiff damages. (Mot. at 18.)

A creditor in an individual action relating to a credit transaction secured by real property that fails to comply with the requirements of § 1641(g) is liable for "any actual damage sustained by [a plaintiff] as a result of the failure," 15 U.S.C. § 1640(a)(1); statutory damages limited to "twice the amount of any finance charge in connection with the transaction" but "not less than $400 or greater than $4,000," *id.* § 1640(a)(2)(A)(i),

(iv); and attorney's fees. *Id.* § 1640(a)(1)(3).

Here, Plaintiff has pleaded that he suffered actual damages as a result of U.S. Bank's violation of § 1641(g). (FAC ¶ 144.) Plaintiff also pleaded that he has had to pay attorney's fees and that U.S. Bank is subject to statutory damages. (FAC ¶¶ 143–44.) The Court notes, as the court noted in *Vogan v. Wells Fargo Bank, N.A.*, No. 2:11-CV-02098-JAM-KJN, 2011 WL 5826016 (E.D. Cal. Nov. 17, 2011), that Plaintiff has not pleaded a causal connection between U.S. Bank's alleged § 1641(g) violation and Plaintiff's actual damages. As in *Vogan*, the event precipitating foreclosure under the DOT here was Plaintiff's default, not a lack of notice of the assignment of his mortgage to U.S. Bank. *Id.* Nevertheless, even if Plaintiff is not entitled to actual damages based on the allegations in his FAC, he has adequately pleaded that he is entitled to attorney's fees and statutory damages under § 1640(a). Therefore, Defendants' Motion for Judgment on the Pleadings as to Plaintiff's § 1641(g) claim is **DENIED**.

### D.   PLAINTIFF'S SIXTH CLAIM FOR QUIET TITLE

Plaintiff's sixth claim seeks a judicial declaration that the title to the Subject Property is vested in Plaintiff alone. (FAC ¶ 160.) Defendants move for judgment on the pleadings based on the fact that Plaintiff's FAC is not verified, as required by California Code of Civil Procedure section 761.020.[3] (Mot. at 19–20.) Plaintiff does not defend his quiet title claim in his Opposition. Plaintiff does, however, contend in his Opposition that he has adequately alleged a credible offer to tender.

"In California it is well-settled that a mortgagor cannot quiet his title against the

---

[3]   Defendants argue that Plaintiff's sixth claim for quiet title must fail because Plaintiff's pleading is not verified as required by California Code of Civil Procedure section 761.020. (Mot. at 19.) California District Courts are currently split on the issue whether plaintiffs alleging claims for quiet title must verify their complaints in federal court. *Compare Briosos v. Wells Fargo Bank*, 737 F. Supp. 2d 1018, 1031–32 (N.D. Cal. 2010) (dismissing without prejudice plaintiff's failure to assert a quiet title claim in a verified complaint); *Ritchie v. Cmty Lending Corp.*, No. CV 09-02484 DDP (JWJx), 2009 WL 2581414, at *7 (C.D. Cal. Aug. 12, 2009) (same) *with Gomez v. Calpacific Mortg. Consultants, Inc.*, No. 09-CV-2926-IEG (CAB), 2010 WL 2610666, at *5 n.2 (S.D. Cal. June 29, 2010) (citing Fed.R.Civ.P. 11(a); *Farzana K. v. Indiana Dept. of Educ.*, 473 F.3d 703, 705 (7th Cir. 2007)) ("[A] federal court need not follow a state practice requiring verification.") *and Fimbres v. Chapel Mortg. Corp.*, No.09-CV-0886-IEG POR, 2009 WL 4163332, at *6 (S.D.Cal. Nov. 20, 2009) (same). Because the Court finds that Plaintiff has failed to adequately plead tender, the Court does not reach the issue whether Plaintiff's quiet title claim fails for want of a verified complaint.

mortgagee without paying the debt secured." *Briosos v. Wells Fargo Bank*, No. C 10–02834 LB, 2010 WL 3341032, at *1203 (N.D. Cal. Aug. 25, 2010) (internal quotation marks omitted).  Accordingly, "[i]n order to allege a claim to quiet title, Plaintiff must allege ability to tender the amounts admittedly borrowed." *Garcia v. Wachovia Mortg. Corp.*, 676 F. Supp. 2d 895, 914 (C.D. Cal. 2009).  Moreover, a Plaintiff's allegation of tender or ability to tender must be "credible." *E.g.*, *Cuaresma v. Deustche Bank Nat'l Co.*, No. C–11–03829 RMW, 2011 WL 4727805, at *3, *5 (N.D. Cal. Oct. 7, 2011) (finding that "plaintiffs must allege a credible tender of the amount of the secured debt to maintain any cause of action" for wrongful foreclosure and noting that "California courts apply the same tender rule to quiet title that applies in a wrongful foreclosure action.").

Plaintiff's allegations regarding his ability to tender are inconsistent at best.  While Plaintiff avers that he has "offered to and is ready, willing, and able to unconditionally tender his obligation" (FAC ¶¶ 98, 156), he nevertheless challenges all Defendants' "equitable and beneficial interest in his Note and Deed of Trust" (FAC ¶ 99), "disputes the alleged debt[,] and alleges that [he] is not required to pay U.S. Bank or PHH Mortgage." (FAC ¶ 54.)  Plaintiff also contends that Defendants have prejudiced his very ability to exercise his statutory right to cure his default "because he has been unable to ascertain the true and accurate amount, if any, needed to cure any purported default." (FAC ¶ 83.)  Finally, Plaintiff fails to address how, if at all, his pending bankruptcy proceedings may affect his purported ability to tender.

In light of these inherent inconsistencies in Plaintiff's FAC, a mere conclusory statement alleging tender will not suffice to allege a "credible" tender.  Defendants' Motion for Judgment on the Pleadings as to Plaintiff's sixth claim for quiet title is therefore **GRANTED** with leave to amend.

### E.   PLAINTIFF'S FIFTH CLAIM FOR VIOLATION OF CALIFORNIA'S BUSINESS AND PROFESSIONS CODE § 17200

Plaintiff alleges a claim under California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, against PHH, U.S. Bank, and NDeX.

The UCL prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." *Id.* Because the statute is written in the disjunctive, liability under each prong of the UCL is separate and distinct from the others and, therefore, the statute "applies separately to business acts or practice that are (1) unlawful, (2) unfair, and (3) fraudulent." *Clark*, 732 F. Supp. 2d at 1050.

"As to the unlawful prong, the UCL incorporates other laws and treats violations of those laws as unlawful business practices independently actionable under state law." *Id.* (citing *Chabner v. United Omaha Life Ins. Co.*, 225 F.3d 1042, 1048 (9th Cir. 2000). "An act is 'unfair' if the act threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law. . . . A practice is 'fraudulent' if members of the public are likely to be deceived." *Quintero Family Trust v. OneWest Bank, F.S.B.*, 09-CV-1561-IEG (WVG), 2010 WL 392312, at *12 (S.D. Cal. Jan. 27, 2010) (quoting *Fortaleza v. PNC Fin. Serv. Group, Inc.*, 642 F.Supp.2d 1012, 1019 (N.D. Cal.2009)). Additionally, allegations of fraudulent conduct under section 17200 must satisfy the heightened pleading requirements of Rule 9(b). *See Vess,* 317 F.3d at 1103–05. Rule 9(b) demands that "[a]verments of fraud . . . be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Id.* at 1106.

With respect to U.S. Bank, the Court has allowed Plaintiff's TILA claim to survive. Therefore, a predicate claim exists under the "unlawful" prong of the UCL, which makes the section 17200 claim independently actionable as to U.S. Bank only. With respect to PHH and NDeX, however, Plaintiff's UCL claim suffers from at least three fatal shortcomings.

First, Plaintiff's UCL claim is little more than a list of several statutes and claims accompanied by general allegations that Defendants have purportedly engaged in

1   "unlawful, fraudulent and deceptive business practices" under the UCL.  (FAC ¶ 148.)

2   Because each prong of a section 17200 violation introduces a separate theory of liability,

3   Plaintiff's failure to allege whether Defendants' actions were unlawful, unfair, fraudulent,

4   or some combination thereof, falls short of the requirements of Rule 8(a)(2).  *See e.g.*,

5   *Clark*, 732 F. Supp. 2d at 1050 (finding the plaintiff's section 17200 claim deficient

6   because the plaintiff's allegations did not specify which of the three UCL prongs

7   defendants violated).

8        Second, while Plaintiff purports to allege a violation of the UCL against PHH, U.S.

9   Bank, and NDeX, Plaintiff's entire UCL claim employs the indiscriminate term

10  "Defendants" throughout without specifying to which Defendant or Defendants each

11  alleged unlawful, unfair, or fraudulent business practice applies.  Third, to the extent that

12  Plaintiff brings a UCL claim under the "fraudulent" prong, Plaintiff fails to plead his

13  allegations with sufficient particularity to survive a motion for judgment on the pleadings,

14  as addressed *supra*.  Accordingly, the Court **DENIES** Defendants' Motion for Judgment

15  on the Pleadings with respect to Plaintiff's fifth claim for violation of section 17200 as to

16  U.S. Bank only and **GRANTS** Defendants' Motion as to PHH and NDeX with leave to

17  amend.

18        **F.     PLAINTIFF'S FIRST CLAIM SEEKING DECLARATORY RELIEF**

19        In her first claim for declaratory relief, Plaintiff seeks a judicial determination of

20  her rights and title in the Subject Property.  As a threshold matter, "[j]urisdiction to award

21  declaratory relief exists only in a case of actual controversy."  Because declaratory relief

22  thus requires an underlying claim, *see Am. States Ins. Co. v. Kearns*, 15 F.3d 142, 143 (9th

23  Cir. 1994), and no underlying claims remain as against PHH, NDeX, or MERS,

24  Defendants' Motion for Judgment on the Pleadings is **GRANTED** with leave to amend

25  as to PHH, NdeX, and MERS.

26

27        With respect to U.S. Bank, only Plaintiff's claim for violation of TILA, 15 U.S.C.

28  § 1641(g) survives.  However, declaratory relief is not an independent claim; rather, it is

a form of relief.  *Santos v. Countrywide Home Loans*, No. 09–02642, 2009 WL 3756337, at *5 (E.D. Cal. Nov. 6, 2009).  Thus, "[a] claim for declaratory relief is unnecessary where an adequate remedy exists under some cause of action."  *Mangindin v. Wash. Mut. Bank*, 637 F. Supp. 2d 700, 707 (N.D. Cal. 2009).  As discussed above, 15 U.S.C. § 1640(a) provides adequate legal remedies for violations of §1641(g), including actual damages, statutory damages, and attorney's fees.  Plaintiff's declaratory relief claim with respect to U.S. Bank is therefore duplicative and unnecessary.  However, because Plaintiff may be able to state a claim against U.S. Bank in a subsequent amended complaint, Defendants' Motion for Judgment on the Pleadings as to Plaintiff's first claim against U.S. Bank is also **GRANTED** with leave to amend.

## IV.   CONCLUSION

For the foregoing reasons, Defendants' Motion for Judgment on the Pleadings is **GRANTED** in part and **DENIED** in part.  Plaintiff shall have twenty-one (21) days from the date of this Order to amend his FAC, provided that he can, in good faith, allege a claim for common law fraud, negligence, California's UCL, and declaratory relief.

**IT IS SO ORDERED.**

January 11, 2012

_____

HON. OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE

13